UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASEN LYNN DUSHANE,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF NEVADA, et al.,<br><br>Defendants. | No. 2:14-cv-00487 AC P<br><br><br><br>ORDER |

Plaintiff, a county prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. On March 6, 2014 plaintiff consented to the jurisdiction of the undersigned for all further proceedings. ECF No. 5.

I.     Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th

1

1 | Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2 | indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3 | 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4 | pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5 | Cir. 1989); Franklin, 745 F.2d at 1227.

6 | A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

7 | which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

8 | support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

9 | U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45–46 (1957)); Palmer v. Roosevelt

10 | Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

11 | this standard, the court must accept as true the allegations of the complaint in question, Hospital

12 | Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

13 | most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

14 | McKeithen, 395 U.S. 411, 421 (1969).

15 | II.     Allegations in the Complaint

16 | Plaintiff alleges that while he was an inmate at the Wayne Brown Correctional Facility,

17 | outside investigators were allowed to gather evidence from inside his cell as well as by

18 | monitoring his telephone calls which was later used to convict him on federal criminal charges.

19 | ECF No. 1 at 3; see also United States v. Dushane, et al., 2:11-cr-00476 TLN (E.D. Cal.).  He

20 | also alleges in his civil complaint that Investigators Tom Swisher and Timothy Strong

21 | interviewed him in violation of Miranda v. Arizona, 384 U.S. 436 (1966).  ECF No. 1 at 6.

22 | Plaintiff also attached a motion to dismiss that was filed in his federal criminal case seeking a

23 | dismissal of all the criminal charges against him based on the same actions alleged in his civil

24 | complaint.  By way of relief, plaintiff seeks monetary damages and attorney's fees.

25 | III.    Analysis

26 | Plaintiff has no claim under the Fourth Amendment for an unreasonable search, if that is

27 | what he intends.  United States v. Kincade, 739 F.3d 813, 822 n. 17  (9th Cir. 2004), quoting

28 | Hudson v. Palmer, 468 U.S. 517, 526 (1983) ("[S]ociety is not prepared to recognize as legitimate

1  any subjective expectation of privacy that a prisoner might have in his prison cell....
2  [A]ccordingly, the Fourth Amendment proscription against unreasonable searches does not apply
3  within the confines of the prison cell."); Somers v. Thurman, 109 F.3d 614, 617 (9th Cir. 1997),
4  quoting Hudson v. Palmer, 468 U.S. at 526 ("'[T]he Fourth Amendment proscription against
5  unreasonable searches does not apply within the confines of the prison cell.'").

6  Moreover, as to plaintiff's claim that investigators violated his rights under Miranda,
7  investigatory questioning inside a prison does not always require a Miranda warning. Cervantes
8  v. Walker, 589 F.2d 424, 427 (9th Cir. 1979) (rejecting the proposition that any interrogation
9  during prison confinement constitutes custodial interrogation requiring Miranda warnings); see
10 also United States v. Turner, 28 F.3d 981, 983 (9th Cir. 1994). Plaintiff's vague allegation that
11 his Miranda rights were violated is insufficient to give rise to a claim for relief under section
12 1983.

13 Additionally, the court finds that plaintiff's claims are barred by Heck v. Humphrey, 512
14 U.S. 477 (1994). In Heck, the Supreme Court, addressing a claim for damages brought under 42
15 U.S.C. § 1983, held that "in order to recover damages for allegedly unconstitutional conviction or
16 imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction
17 or sentence invalid" a § 1983 plaintiff must prove that the conviction or sentence has been
18 invalidated previously. Id. at 486–87.

19 Here, plaintiff seeks damages for actions that allegedly resulted in his unlawful
20 conviction. However, under Heck, no cause of action for damages has yet accrued, and any such
21 claims are barred until plaintiff's conviction has been invalidated. See Guerrero v. Gates, 442
22 F.3d 697, 703 (9th Cir. 2006) (Heck barred plaintiff's claims of wrongful arrest, malicious
23 prosecution and conspiracy among police officers to bring false charges against him); Cabrera v.
24 City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (Heck barred plaintiff's false arrest
25 and imprisonment claims until conviction was invalidated); Smithart v. Towery, 79 F.3d 951, 952
26 (9th Cir. 1996) (Heck barred plaintiff's claims that defendants lacked probable cause to arrest him
27 and brought unfounded criminal charges against him). Accordingly, plaintiff's claims seeking
28 monetary damages are not cognizable unless and until his 2014 criminal conviction in United

1 States v. Dushane, et al., 2:11-cr-00476 TLN (E.D. Cal.) is invalidated.

2 IV. Leave to Amend

District courts are "only required to grant leave to amend if a complaint can possibly be saved." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). A court may dismiss an in forma pauperis complaint with prejudice when it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir. 2005). Here, the allegations in the complaint do not entitle plaintiff to any relief under section 1983 as a matter of law, and no set of facts could be pleaded that would correct that deficiency. For this reason, plaintiff's complaint is dismissed without leave to amend.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1) is dismissed for failure to state a claim on which relief may be granted; and,

2. Plaintiff's motion to proceed in forma pauperis (ECF No. 6) is denied as moot.

DATED: August 26, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4